# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:08-cr-00239-MR and
# CRIMINAL CASE NO. 3:08-cr-00241-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DEMETRIUS G. RAINER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a *pro se* motion to modify the Defendant's sentence to a term of home confinement [Criminal Case No. 3:08-cr-00239-MR ("CR-239"), Doc. 42; Criminal Case No. 3:08-cr-00241-MR ("CR-241"), Doc. 34].

On May 5, 2011, the Court sentenced the Defendant to a term of 36 months' imprisonment. [CR-239, Doc. 22; CR-241, Doc. 15]. The Defendant then received a series of extensions of her reporting date. Before the Defendant was due to report to the Bureau of Prisons, the Court amended her Judgment to reduce her sentence to a term of 18 months' imprisonment. [CR-239, Doc. 40; CR-241, Doc. 32]. The Defendant began serving her term of imprisonment on June 16, 2015. [See CR-239, Doc. 41; CR-241, Doc.

33]. She now requests that the Court modify the remainder of her sentence to a term of home confinement. [CR-239, Doc. 42; CR-241, Doc. 34].

The Court may reduce or modify a defendant's sentence only under limited circumstances. Generally, the Court may reduce or modify a sentence only: (1) upon motion of the Director of the Bureau of Prisons, if certain extraordinary and compelling reasons so warrant; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). None of these circumstances are applicable in the present case. Accordingly, the Defendant's motion for a modification of her sentence from a term of imprisonment to a term of home confinement must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a *pro se* motion to modify the Defendant's sentence to a term of home confinement [Criminal Case No.

3:08-cr-00239-MR, Doc. 42; Criminal Case No. 3:08-cr-00241-MR, Doc. 34]

is **DENIED**.

  **IT IS SO ORDERED.**

Signed: September 26, 2015

Martin Reidinger
United States District Judge